UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

## JS-6

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [13] AND DENYING AS MOOT DEFENDANTS MOTION TO DISMISS [9].

Before the Court are two motions: Defendants' motion to dismiss and Plaintiffs' motion to remand to state court. ECF Nos. 9, 13. For the below reasons, the motion remand to GRANTED, and the motion to dismiss is DENIED as moot.

**I. Background**
  **A. Factual and Procedural Background**

Plaintiff, the surviving daughter and successors in interest to Decedent Larry Jackson, filed a complaint against Defendant Pomona Healthcare & Wellness Center, LLC, where Decedent lived prior to his death. Compl. ¶¶ 1, 14-18.[1]

Decedent was a resident of Defendant's skilled nursing facility. *Id.* ¶ 18, 25. Decedent was in a "compromised physical state" due to dementia and hypertension. *Id.* ¶¶ 25-26. Plaintiff alleges that Defendant failed to take adequate preventative measures to stop the spread of covid-19, which led to Decedent contracting covid-19 in August of 2020. *Id.* ¶¶ 27-28, 33. Decedent was transferred to the hospital due to his severe symptoms, and ultimately died a few weeks later. *Id.* ¶¶ 29-30.

Plaintiff filed this action in California state court asserting state law claims for elder abuse,

---

[1] The complaint was originally filed as Notice of Removal, Ex. A, ECF No. 1-1.

:
_____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

negligence, and wrongful death. *Id.* ¶¶ 42-63. Defendants later removed the action to this Court, Notice of Removal, ECF No. 1, arguing that there is federal jurisdiction because (1) Plaintiffs' claims implicate embedded federal questions; (2) the Public Readiness and Emergency Preparedness Act ("PREP Act") completely preempts Plaintiffs' claims; and (3) Defendants qualify as persons "acting under" federal officers within the federal officer removal statute. *Id.* ¶¶ 11-12, 36-38, 44.

Defendants now seek dismissal based on the immunity purportedly conferred by the PREP Act, Mot. Dismiss 5-6, ECF No. 9, while Plaintiffs seek remand to state court. Mot. Remand, ECF No. 13.

**B. Legal Background**

The PREP Act, passed in 2005, is invoked when the Secretary of the Department of Health and Human Services ("HHS") issues a declaration determining that a disease or other health condition constitutes an ongoing public health emergency. 42 U.S.C. § 247d-6d(b). The Secretary may then make a declaration, "recommending ... the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures." *Id.* The Secretary issued a declaration for the ongoing covid-19 pandemic on March 10, 2020, and has issued several subsequent amendments thereto.

Once invoked, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). "Covered countermeasures" under the PREP Act include drugs, biological products, or devices that are designed to diagnose, mitigate, prevent, or treat harm from the public health emergency. *Id.* §§ 247d-6d(i)(1), (7). The immunity afforded by the PREP Act is broad. It applies to "any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure." *Id.* § 247d-6d(a)(2)(B).

When its provisions are in effect, the PREP Act preempts state laws that create different standards regarding covered countermeasures. No state or locality may establish or enforce any legal requirement that is different from the PREP Act's provisions or relates to the use or administration of covered countermeasures. 42 U.S.C. § 247d-6d(b)(8).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

**II. Discussion**

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "The defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Defendants offer three reasons that federal jurisdiction exists here: (1) Plaintiff's claims raise embedded federal issues; (2) the PREP Act is a complete preemption statute; and (3) the federal officer removal statute applies. Notice of Removal ¶¶ 11-12, 36-38, 44. These same arguments have been almost uniformly rejected in dozens of cases in this district to have considered the issue. And most significantly, the Ninth Circuit has also recently rejected these exact same arguments in a virtually identical case, holding that there was no basis for federal jurisdiction and that remand was proper. *Saldana v. Glenhaven Healthcare LLC*, -- F.4th --, 2022 WL 518989, *6 (9th Cir. Feb. 22, 2022).

**A. Embedded Federal Issues**

The presence of federal question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law. It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13-14 (1983).

However, under *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), even claims pled as violations of state law claims can invoke federal question jurisdiction if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Defendants contend that federal question jurisdiction exists because Plaintiffs' claims raise a "substantial federal issue" – the extent to which PREP Act immunity applies to Defendants' conduct. Notice of Removal ¶ 36. Defendant points to the HHS Advisory Opinion ("AO") 21-01, *see id.*, which characterizes covid-19 as a global challenge that requires a whole-of-nation response and implicates substantial federal legal and policy issues within the meaning of *Grable*. Notice of Removal, Ex. D at 5.

However, the federal issue raised by Defendants – PREP Act immunity – relates to a *defense*, rather than the claims Plaintiffs allege. "As such, the federal issue is not necessarily raised." *Stone v. Long Beach Healthcare Ctr., LLC*, 2021 WL 1163572, at *7 (C.D. Cal. Mar. 26, 2021); *see also Padilla v. Brookfield Healthcare Ctr.*, 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021); ("immunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims"); *Thomas v. Century Villa Inc.*, 2021 WL 2400970, at *6 (C.D. Cal. June 10, 2021) ("the PREP Act merely provides [Defendant] with a potential affirmative defense to Plaintiffs' claims" and therefore does not confer federal question jurisdiction). Defendants cannot remove this action to federal court based on a federal defense, including the defense of preemption. *See Saldana*, 2022 WL 518989, at *6; *Franchise Tax Bd.*, 463 U.S. at 13-14.

This conclusion is not changed by HHS's statements. *Saldana* considered such opinions – including AO 21-01 specifically – and made clear that HHS declarations and advisory opinions are not final agency interpretations entitled to any deference. 2022 WL 518989, at *6. Indeed, as many other courts in this district have noted, the HHS opinions even have minimal persuasive value, given their conclusory invocation of *Grable* without supporting legal analysis. *See, e.g., Estate of McCalebb v. AG Lynwood, LLC*, 2021 WL 911951, *3 (C.D. Cal. Mar. 1, 2021); *Thomas*, 2021 WL 2400970, at *6; *Acra v. Cal. Magnolia Convalescent Hosp., Inc.*, 2021 WL 2769041, at *7 (C.D. Cal. July 1, 2021); *Estate of Heim v. 1495 Cameron Avenue, LLC*, 2021 WL 3630374, at *4, n. 2 (C.D. Cal. Aug. 17, 2021).

Thus, Plaintiffs' claims do not raise an embedded federal issue that would support jurisdiction.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

**B. Complete Preemption**

The doctrine of "complete preemption" is a narrow exception to the well-pleaded complaint rule. The United States Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they "completely pre-empt" an area of state law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). When complete preemption applies, the state-law nature of the plaintiff's claim is "displace[d]" and the claim is considered "purely a creature of federal law." *Franchise Tax Bd.*, 463 U.S. at 23-24.

Complete preemption is rare. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The Supreme Court has identified only three statutes that completely preempt state law. *City of Oakland v. BP PLC*, 969 F.3d 895, 905-06 (9th Cir. 2020). The Ninth Circuit has prescribed a two-part test: complete preemption "exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland*, 969 F.3d at 906.

Defendant argues that the PREP Act completely preempts Plaintiffs' claims, all of which are state law causes of action. See Notice of Removal ¶ 35. However, in *Saldana*, the Ninth Circuit explicitly held that "under this court's two-part test, the PREP Act is not a complete preemption statute." 2022 WL 518989, at *5.

For one, nothing suggests that Congress intended the PREP Act to displace state law claims. *Id.* At its core, the PREP Act is an immunity statute – Congress intended to provide a *defense* for those covered by its provisions from state law claims, but that does not imply that Congress intended to convert those claims into federal ones and bar them from being heard in state court in the first place. *See id; Estate of Jenkins v. Beverly Hills Senior Care Facility, Inc.*, 2021 WL 3563545, *4 (C.D. Cal. Aug. 12, 2021); *Heim*, 2021 WL 3630374 at *4.

Second, the PREP Act does not provide a substitute cause of action. *Saldana*, 2022 WL 518989, at *5. Complete preemption "rests on the theory that any state claim within its reach is transformed into a federal claim". *McCalebb*, 2021 WL 911951 at*4 (cleaned up) (internal quotations and citations omitted). Thus, the substitute cause of action must be a federal one capable of being pursued in a federal forum. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245-46 (9th Cir. 2009). Yet, other

:  
Initials of Preparer  
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

than a narrow exception for willful misconduct, the PREP Act provides only an administrative claims procedure that is not subject to judicial review. 42 U.S.C. §§ 247d-6e(b)(5)(C). Complete preemption is a doctrine of *federal jurisdiction* – thus it logically cannot be triggered by a substitute procedure that explicitly prohibits the very exercise of federal jurisdiction. *See McCalebb* 2021 WL 911951 at *4.

Defendant relies on two authorities in support of its argument for complete preemption. First, Defendant again points to the HHS AO 21-01, *see* Notice of Removal ¶ 30-32, which posits that the PREP Act is a complete preemption statute. Notice of Removal, Ex. D at 2-4. However, as discussed above, *see* Section II.A, *supra*, this advisory opinion is not entitled to any doctrine of deference. *Saldana*, 2022 WL 518989, at *5. Nor is it even persuasive because of its lack of legal support for its conclusion. *See also, e.g., Padilla*, 2021 WL 1549689, at *4-5; *Acra*, 2021 WL 2769041 at *5; *Stone*, 2021 WL 1163572, at *6.

Second, Defendant highlights *Garcia v. Welltower OpCo Grp. LLC*, *see* Notice of Removal ¶ 33, in which the court concluded that the PREP Act completely preempts state law. 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021). However, *Garcia* was clearly abrogated on this issue by the Ninth Circuit in *Saldana*. *See* 2022 WL 518989, at *5.[2]

Thus, under explicit binding authority, the PREP Act is not a complete preemption statute. *Id.*

### C. Federal Officer Removal

Title 28 U.S.C. § 1442(a)(1) provides for the removal to federal court of state court actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)." While the grounds for removal ordinarily must be evident from the face of the plaintiff's well-pleaded complaint, under § 1442, cases can be removed on the basis of a "colorable federal defense." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

Even private parties can exercise federal officer removal when they can show that they were a "person acting under" a federal officer. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251

---

[2] Defendant filed its notice of removal, in which it cited to *Garcia*, before the Ninth Circuit rendered its opinion in *Saldana*.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00179-SVW-PLA | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Brenda Thomas v. Pomona Healthcare and Wellness Center et al* | | |

(9th Cir. 2006) To do so, a party must demonstrate that "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Stirling v. Minasian,* 955 F.3d 795, 800 (9th Cir. 2020).

Defendant argues that it was acting at the specific direction of federal authorities to address the on-going federal effort and national state of emergency to contain the COVID-19 pandemic and prevent the spread of the virus. Notice of Removal, ¶¶ 44-53. Defendants asserts they acted pursuant to detailed directives issued by various government agencies. *Id.* ¶¶ 48-50.

However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Watson v. Philip Morris Cos., Inc.,* 551 U.S. 142, 147, 153 (2007). "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153.

Accordingly, as *Saldana* concluded, "[a]ll that [defendant] has demonstrated is that it operated as a private entity subject to government regulations, and that during the covid-19 pandemic it received additional regulations and recommendations from federal agencies. Thus, [defendant] was not 'acting under' a federal officer or agency as contemplated by the federal officer removal statute." 2022 WL 518989, at *4.

As in *Saldana*, the mere fact that Defendant followed government regulations – even if exactingly detailed – does not provide a basis for federal officer removal here. *See id.*

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED; Defendant's motion to dismiss is DENIED as moot. This case shall be remanded back to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |